CHRISTIAN *v.* STATE.

5117                                                    383 S. W. 2d 659

Opinion delivered November 16, 1964.

*Harold C. Raines, Jr.,* for appellant.

*Bruce Bennett,* Attorney General, By: *Russell J. Wools,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, J. The appellant, Stephen A. Christian, was convicted of embezzlement and sentenced to imprisonment for one year. He contends that the jury's verdict of guilty is not supported by sufficient evidence.

In some respects the State's proof is so fragmentary that it is difficult to recount the facts with precision. In the fall of 1962 Christian appears to have been the executive vice-president of New Era Construction Company, a corporation engaged in building houses. The prosecuting witness, Joseph P. Roderick, entered into a written contract employing New Era to construct a house for $6,000. In the course of construction Roderick delivered to Christian three checks, payable to the corporation, totaling $3,350.80. It is evident that New Era was prevented by insolvency from completing its contract. An expert witness called by the State was of the opinion that the unfinished construction represented an outlay of not more than $2,000 for labor and materials. In addi-

tion, Roderick was compelled to pay off materialmen's liens that amounted to more than $1,600.

About a year and a half after New Era abandoned the job Christian was charged by information with having embezzled all the money that Roderick had paid to the corporation. The State, to sustain the charge of embezzlement, had the burden of proving that the accused, as an officer of the company, had participated in misappropriating funds to such an extent as to be criminally responsible. State v. Guthrie, 176 Ark. 1041, 5 S. W. 2d 306. It is upon this pivotal point that the State's proof is fatally deficient.

There is no substantial testimony to establish Christian's guilt. He received the checks from Roderick, but there is no proof that he controlled the expenditure of their proceeds. An attorney testified that he sent a letter to Christian asking for an accounting of the sums paid to New Era. In reply Christian submitted a number of receipts that fell decidedly short of demonstrating where all the funds had gone. It is plain enough, however, that Christian's failure to explain what the corporation had done with the money does not satisfy the State's burden of proving that he was personally at fault.

Roderick testified that, at Christian's request, Roderick advanced $350 to the corporation to enable it to pay a franchise tax that was overdue. Yet it certainly cannot be said that Christian was guilty of embezzlement in using this sum in the very way that Roderick expected that it be used. The State also produced a receipt indicating that New Era had paid $51.72 to a carpenter who never worked upon the construction job in question, but the testimony fails to show that the accused was criminally implicated in the transaction.

There is no reason to doubt that Roderick's payments to the New Era company were misapplied, but Christian's culpable participation in any wrongdoing that may have occurred is a matter of speculation rather than of proof. Upon this record the conviction cannot be upheld.

Reversed and remanded for a new trial.